UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN NOBLE,

       Petitioner,

                              CASE NO. 14-11033
v.                                HONORABLE GERALD E. ROSEN

WAYNE COUNTY PROSECUTOR'S OFFICE,

       Respondent.
_____/

## ORDER DENYING THE PETITION FOR REMOVAL

### I.  BACKGROUND

This matter is pending before the Court on Marvin Noble's *pro se* petition for removal of his criminal case from state court to this Court pursuant to 28 U.S.C. §§ 1446-1455. Petitioner is a pretrial detainee at a Wayne County jail in Detroit, Michigan. He alleges in his petition for removal that a prosecution witness in his state criminal case provided the police with contradictory information about the crime and that, if he is not permitted to remove his case to federal court, he "will be given up to slingshot justice." Compl., unnumbered page 3. Petitioner further alleges that the State's case depends almost entirely on the testimony of a witness who was named as a co-conspirator, but was never indicted. Compl., unnumbered page 4. Finally, Petitioner alleges that, when he tried to file motions in state court, the state judge violated his First Amendment rights by telling him that he had to file the motions through his attorney. Compl., unnumbered page 3.

## II.  ANALYSIS

**A.  28 U.S.C. § 1455**

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a).  "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C § 1455(b)(1).  A notice of removal does not prevent the state court from proceeding with its case, 28 U.S.C. § 1455(b)(3), and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Petitioner does not appear to have complied with § 1455(a) by providing the Court "with a copy of all process, pleadings, and orders" served on him.  Petitioner also has not complied with § 1455(b)(1) by filing his notice of removal within thirty days of his arraignment.  The state court docket indicates that Petitioner was arraigned in state district court on January 11, 2014. *See People v. Noble*, No. 14-000744-01-FC (3d Jud. Cir. Ct. Jan. 11, 2014).[1]  Petitioner signed and dated his notice of removal more than thirty days later,[2] and he has not shown "good cause"

---

[1] Petitioner subsequently was arraigned in state circuit court on February 4, 2014.

[2] Petitioner used the date "2/24/13" on his habeas petition.  The Court presumes that he meant to write "2/24/14" because the criminal incident did not occur until August 5, 2013, the witness statements are dated August 7-8, 2013, and the warrant request is dated September 16,

for not filing his notice sooner. Even if Petitioner had complied with the requirements set forth in § 1455, that statute provides only a procedural mechanism for removing a criminal case from state court and remanding the case back to state court; it does not provide any substantive grounds for removing criminal cases to federal court. *Oregon v. Ryan*, No. 3:14-po-00001-HZ-1, 2014 WL 412459, at *1 (D. Or. Feb. 2, 2014) (unpublished); *North Las Vegas v. Davis*, No. 2:13-cv-00156-MMD-NJK, 2013 WL 2394930, at *2 (D. Nev. May 30, 2013) (unpublished).

**B. 28 U.S.C. § 1443**

The federal statute governing the removal of criminal prosecutions from state court to federal court reads as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[3]

Subsection 2 of this statute is not applicable here because it applies "only to federal officers and to persons assisting such officers in the performance of their official duties."

---

2013. *See* Compl., Exs. A, B, D, and E.

[3] Although Petitioner did not cite this statute in his notice of removal, it is the only applicable removal statute other than 28 U.S.C. § 1455, which does not provide a substantive basis for removing a case. *Oregon v. Ryan*, 2014 WL 412459, at *1; *North Las Vegas v. Davis*, 2013 WL 2394930, at *2.

*Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).  As for subsection 1 of § 1443, the Supreme Court has explained that

> a removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test.  First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'  Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. . . .
>
> Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question."  *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. at 219).  There is a strong presumption against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and, "[a]s with any removal statute, the defendant has the burden of establishing that removal is proper."  *Conrad v. Robinson*, 871 F.2d at 614.

Petitioner is not alleging that he was denied any civil rights on racial grounds or under a federal equal rights law.  Instead, the focus of his petition is on inconsistencies in a prosecution witness's pretrial statements to the police and on the prosecution's decision not to indict the witness.  A claim that the prosecution is "a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)."  *Johnson v. Mississippi*, 421 U.S. at 219.  Thus, Petitioner has not satisfied the first prong of the test for removal under § 1443(1).

The second prong of the test for removal under § 1443(1) "normally requires that the 'denial [of rights] be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.' " *Id*. (quoting *Georgia v. Rachel*, 384 U.S. 780, 803, 799 (1966)).  "[T]his step assumes that except in unusual cases, it 'was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.' " *Conrad v. Robinson*, 871 F.2d at 615 (quoting *Johnson v. Mississippi*, 421 U.S. at 219-20).  As stated in *Greenwood v. Peacock*, 384 U.S. at 828,

> [u]nder § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Petitioner implies that the state trial judge deprived him of his First Amendment right to freedom of speech by insisting that he file motions through counsel.  This contention fails to demonstrate that, by operation of a pervasive and explicit state or federal law, Petitioner's rights will inevitably be denied by bringing him to trial in state court.  Because Petitioner has not shown that he is being denied the opportunity to enforce specified federal rights in state court, he has failed to satisfy the second prong of § 1443(1).

### III. CONCLUSION

Petitioner's case does not fall within either one of the two prongs of § 1443(1).  Petitioner therefore cannot remove his state criminal case to this Court under § 1443(1).  Accordingly,

IT IS ORDERED that the petition for removal (Dkt. No. 1) is DENIED.

      IT IS FURTHER ORDERED that Petitioner's request for appointment of counsel (Dkt. No. 7) is DENIED as moot.


                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: April 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2014, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5135